☑ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 03 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| BROTHERHOOD MUTAL INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>TEEN CHALLENGE OF NEVADA, INC.; DAVID P. DAVIS; KARI FRANCES DAVIS,<br><br>Defendants. | 3:16-cv-00243-LRH-WGC<br><br>ORDER |

Before the court is Plaintiff Brotherhood Mutual Insurance Company's motion for default judgment against Defendants David P. Davis and Kari F. Davis. ECF No. 15. Defendants have failed to respond. Because the requirements for default judgment are met in this case and the relief is warranted, the court will grant Brotherhood Mutual's motion and order the clerk of court to enter judgment in its favor.

I. **Background**

This case stems from a pending state-court suit for a wrongful death allegedly caused by Defendants' negligence. ECF No. 7 at 2–3. The plaintiffs in that suit are the parents of the decedent, a young child who unfortunately drowned in Defendants' residential swimming pool after having wandered out of her own nearby home. *Id.* at 2–3. Defendant David Davis is a director of non-party[1] Teen Challenge of Nevada, a Nevada non-profit corporation that is insured under a commercial policy issued by Brotherhood Mutual. *Id.*; ECF No. 1 at 1. Defendants have filed a claim under this policy "for a defense and indemnity against" the state-court suit. ECF

---

[1] Brotherhood Mutual originally also filed suit against Teen Challenge. *See* ECF No. 1. However, the first amended complaint excluded Teen Challenge and thus removed it from this suit. *See* ECF No. 7. David Davis and Kari Davis are therefore the only remaining defendants.

No. 7 at 2. Brotherhood Mutual acknowledges that its policy with Teen Challenge covers the latter's executive officers and directors while they act within the scope of their duties; however, Brotherhood Mutual contends in this suit that, due to several different exclusions, the policy would not cover the events underlying the state-court suit. *Id.* at 4–5.

Brotherhood Mutual therefore filed the instant suit against Defendants, asking this court to grant it declaratory relief finding that the insurance policy at issue "does not provide indemnity coverage for the insurance claims made by Davis arising out of the" state-court suit. *Id.* at 6. After Brotherhood Mutual filed the operative first amended complaint (ECF No. 7), it separately served both Defendants at their residence by substitute service. ECF No. 15 at 4; *see also* ECF Nos. 9–10. After Defendants failed to answer the complaint or otherwise respond, Brotherhood Mutual filed notices of intent to enter default within seven days. ECF Nos. 11–12. Defendants again failed to respond and Brotherhood Mutual filed a request to enter default, which the clerk of this court entered. ECF Nos. 13–14. Brotherhood Mutual now moves this court for default judgment.

## II. Legal standard

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b). Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't, Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted).

Rather, granting or denying relief is entirely within the court's discretion. *Id*. The Ninth Circuit has identified seven relevant factors in determining whether to grant default judgment, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the

action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

The court takes the well-pleaded factual allegations in the non-defaulting party's complaint as true, except as to the amount of damages. *Televideo Sys., Inc. v. Heidenthal*, 862 F.2d 915, 917–18 (9th Cir. 1987). Where damages are not readily ascertainable from the record, the court may conduct a hearing on the issue of damages before entering default judgment. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Finally, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III. Discussion

The court finds that default judgment is warranted in this case. Brotherhood Mutual has satisfied the procedural requirements for default judgment, including properly serving Defendants and acquiring the clerk's entry of default, and there is no reason to believe either defendant is a "minor or incompetent person . . . ." Fed. R. Civ. P. 55(b)(2). Moreover, all the applicable factors weigh in favor of granting this relief.

Most importantly, the court has reviewed the insurance policy at issue and, based on the facts that Brotherhood Mutual alleges, several coverage exclusions are very likely applicable to the underlying accident. For instance, the policy only insures Teen Challenge's executive officers and directors "while [they are] acting within the scope of their duties . . . ." ECF No. 7 at 5 (citing ECF No. 7-2 at 9, ¶ 11(d)). Here, there is no basis for believing that Defendants' residential pool and any acts or omissions that may have contributed to the drowning would fall within the scope of Davis's duties as a Teen Challenge director. Moreover, Defendants' residence is not one of the real properties insured under the policy. *Id.* at 4–5 (citing ECF No. 7-2 at 2, 7). And while Defendants could have disputed the facts underlying these conclusions or argued that the insurance policy does apply, they have failed to answer the complaint or otherwise defend against this suit.

The court will therefore grant default judgment in favor of Brotherhood Mutual and grant Brotherhood Mutual its requested declaratory relief. *See* ECF No. 15 at 4–5.

IV. **Conclusion**

IT IS THEREFORE ORDERED that Plaintiff Brotherhood Mutual Insurance Company's motion for default judgment (ECF No. 15) is **GRANTED.**

IT IS FURTHER ORDERED that the following **DECLARATORY RELIEF IS GRANTED** in favor of Brotherhood Mutual in regards to the insurance policy between itself and Teen Challenge of Nevada, Inc. (policy number 27MEA0395114):

> A. The policy does not provide indemnity coverage for the insurance claims made by Defendant David P. Davis arising out of the lawsuit filed against Defendants David P. Davis and Kari F. Davis by Sandra Schara and Francisco Vidal in the Eight Judicial District Court of the State of Nevada, in and for the County of Clark, Case No. A-15-726226-C.
>
> B. The policy does not obligate Brotherhood Mutual Insurance Company to provide a defense to Defendant David P. Davis or Defendant Kari F. Davis for claims asserted by Sandra Schara and Francisco Vidal in the above-mentioned lawsuit.

IT IS FURTHER ORDERED that **the clerk of the court shall enter judgment** in favor of Plaintiff Brotherhood Mutual Insurance Company and against Defendants David P. Davis and Kari F. Davis.

IT IS SO ORDERED.

DATED this 3rd day of May, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE